**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| _____ | ) | |
| Nowstalgic Toys, Inc. | ) | Case No.:  20-cv-4813 |
| | ) | |
| v. | ) | Judge: |
| | ) | |
| Does 1-86, As Identified in Exhibit 1 | ) | Magistrate: |
| | ) | |
| _____ | ) | |

## COMPLAINT

Plaintiff Nowstalgic Toys, Inc. hereby files this Complaint for, *inter alia*, trademark infringement, counterfeiting, and related claims against Defendants, on personal knowledge as to Plaintiff's own activities and on information and belief as to the activities of others:

### THE PARTIES

1. Nowstalgic Toys, Inc. is an Ohio Corporation that maintains its principal place of business at 120 North Trine Street, Canal Winchester, Ohio 43110. Plaintiff sells its products all over the world in stores such as Walgreens and Walmart, as well as in specialty retail stores. Plaintiff also sells to school fundraising companies.

2. Defendants identified in Exhibit 1, filed under seal, are all believed to be individuals and unincorporated business associations who, upon information and belief, reside in foreign jurisdictions. The true names, identities, and addresses of Defendants are currently unknown.

3. Defendants conduct their illegal operations through fully interactive commercial websites hosted on various e-commerce sites, such as Amazon, eBay, Wish, and Alibaba ("Infringing Websites" or "Infringing Webstores"). Each Defendant targets consumers in the United States, including the State of Illinois, and has offered to sell and, on information and belief, has sold and

continues to sell counterfeit and/or infringing products that violate Plaintiff's intellectual property rights ("Counterfeit Products") to consumers within the United States, including the State of Illinois and the Northern District of Illinois. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

4.      Through the operation of their Infringing Webstores, Defendants are directly and personally contributing to, inducing and engaging in the sale of Counterfeit Products as alleged, often times as partners, co-conspirators, and/or suppliers.

5.      Upon information and belief, Defendants are an interrelated group of counterfeiters and trademark infringers working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell Counterfeit Products.

6.      Defendants intentionally conceal their identities and the full scope of their counterfeiting operations in an effort to deter Plaintiff from learning Defendants' true identities and the exact interworking of Defendants' illegal counterfeiting and infringing operations. The identities of these Defendants are presently unknown. If their identities become known, Plaintiff will promptly amend this Complaint to identify them.

7.      Defendants are primarily Chinese and all market counterfeit products and/or market their products under the registered trademark of Plaintiff. On information and belief, some or all of Defendants source their goods from a common manufacturer or consortium of manufacturers united under the direction or influence of local or national governments.

## JURISDICTION AND VENUE

8.      This is an action for trademark counterfeiting and trademark infringement, and unfair competition and false designation or origin arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051, et seq., as amended by the Trademark Counterfeiting Act of 1984, Public Law 98-473

(October 12, 1984), the Anti-Counterfeiting Consumer Protection Act of 1996, Pub. L. 104-153 (July 2, 1996), and the Prioritizing Resources and Organization for Intellectual Property Act of 2007, H.R. 4279 (October 13, 2008) (the "Lanham Act"), and for unlawful and deceptive acts and practices under the laws of the State of Illinois.

9.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1338(a) and (b); and 15 U.S.C. §§ 1116 and 1121l.  This Court has jurisdiction, pursuant to the principles of supplemental jurisdiction and 28 U.S.C. § 1367, over Plaintiff's claims for unlawful and deceptive acts and practices under the laws of the State of Illinois.

10.     This Court has personal jurisdiction over Defendants in that they transact business in the State of Illinois and in the Northern District of Illinois.

11.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 in that the Defendants are entities or individuals subject to personal jurisdiction in this District.  Venue is also proper in this District because a substantial part of the events or omissions giving rise to the claims occurred in this District and Defendants directly target business activities towards consumers in the State of Illinois.

### BACKGROUND FACTS

12.     Plaintiff is engaged in the business of manufacturing, distributing, and retailing toys throughout the world, including within the Northern District of Illinois District under the federally registered trademark identified in Paragraph 13 below.  Defendants' sales of Counterfeit Products are in violation of Plaintiff's intellectual property rights and are irreparably damaging Plaintiff.

13.     Plaintiff is the owner of all rights, title, and interest in and to, *inter alia*, the trademark BRIGHT BUGZ, U.S. Reg. No. 4,226,630 (the "Mark").  The registration is valid, subsisting,

unrevoked, and uncancelled. The registration for the Mark constitutes *prima facie* evidence of validity and of Plaintiff's exclusive right to use the Mark pursuant to 15 U.S.C. § 1057(b). A genuine and authentic copy of the U.S. federal trademark registration certificate for the BRIGHT BUGZ Mark is attached as Exhibit 2.

14.     Plaintiff is also the owner of all rights, title, and interest in and to, *inter alia*, a group of thirteen published photographs, U.S. Copyright Reg. No. VA 2-208-856 (the "Photographs"). The registration is valid, subsisting, unrevoked, unexpired, and uncancelled. The registration for the Photos constitutes evidence of validity and of Plaintiff's exclusive right to use the Photos pursuant to 17 U.S.C. § 113. A genuine and authentic copy of the U.S. federal copyright registration certificate for the Photos is attached as Exhibit 3. Attached as Exhibit 4 are the copyrighted images.

15.  Plaintiff's brand, symbolized by the BRIGHT BUGZ Mark, is a recognized trademark for the "As Seen on TV" light-up magic-trick toy. As detailed below, Plaintiff has been using the BRIGHT BUGZ Mark for many years in connection with the advertising and sale of the magic trick product ("Plaintiff's Product") in interstate commerce, including commerce in the State of Illinois and the Northern District of Illinois.

16.     The BRIGHT BUGZ Mark has been widely promoted, both in the United States and throughout the world. The whole of the consuming public associates BRIGHT BUGZ with Plaintiff, but also recognize that Plaintiff's Product sold in the United States originates exclusively with Plaintiff.

17.     As of the date of this filing, Plaintiff's Product is sold throughout the nation and the world in various stores including big box stores such as Walmart and in many specialty retail stores, as well as internet webstores such as Amazon.com. Plaintiff's Product is also sold to

school fundraising companies.

18.     Plaintiff maintains quality control standards for all of Plaintiff's products, including those sold under the BRIGHT BUGZ mark.  Genuine BRIGHT BUGZ products are distributed through a nationwide network of distributors and retailers.

19.     The BRIGHT BUGZ Mark is a highly visible and distinctive worldwide symbol of excellence in quality and uniquely associated with Plaintiff and, as a result, Plaintiff's Product bearing the BRIGHT BUGZ Mark has generated a substantial amount of revenue for Plaintiff over the years.

20.     The BRIGHT BUGZ Mark has never been assigned or licensed to any of the Defendants in this matter.

21.     The BRIGHT BUGZ Mark is a symbol of Plaintiff's quality, reputation, and goodwill and has never been abandoned.

22.     Further, Plaintiff has expended substantial time, money, and other resources developing, advertising, marketing, and otherwise promoting the BRIGHT BUGZ Mark.

23.     Upon information and belief, at all times relevant hereto, Defendants in this action have had full knowledge of Plaintiff's ownership of the BRIGHT BUGZ Mark, including its exclusive right to use and license such intellectual property and the goodwill associated therewith.

24.     Recently, and for a while in the past, Plaintiff has identified the BRIGHT BUGZ Mark on the Infringing Webstores and felt the impact of Counterfeit Products designed to resemble authorized retail Internet stores selling the genuine BRIGHT BUGZ Product that Defendants had reproduced, displayed and distributed without authorization or license from Plaintiff in violation of the BRIGHT BUGZ Mark.

25.     Defendants' use of the BRIGHT BUGZ Mark on or in connection with the advertising,

marketing, distribution, offering for sale, and sale of the Counterfeit Products is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff.

26.     Defendants have manufactured, imported, distributed, offered for sale, and sold Counterfeit Products using the BRIGHT BUGZ Mark and continue to do so.

27.     Defendants, without authorization or license from Plaintiff, knowingly and willfully used and continue to use the BRIGHT BUGZ Mark in connection with the advertisement, offer for sale, and sale of the Counterfeit Products, through, *inter alia*, the Internet.  The Counterfeit Products are not genuine products sold by Plaintiff under the BRIGHT BUGZ Mark.  The Plaintiff did not manufacture, inspect, or package the Counterfeit Products and did not approve the Counterfeit Products for sale or distribution.  Each Infringing Webstore offers shipping to the United States, including Illinois, and, on information and belief, each Defendant has sold Counterfeit Products into the United States, including Illinois.

28.     Defendants falsely advertise the sale of authentic BRIGHT BUGZ Product through the Infringing Webstores.  Defendants' Infringing Webstore listings appear to unknowing consumers to be legitimate web stores and listings, authorized to sell genuine BRIGHT BUGZ Mark Products.

29.     Defendants also deceive unknowing consumers by using the BRIGHT BUGZ Mark without authorization within the content, text, and/or meta tags of the listings on Infringing Webstores in order to attract various search engines crawling the Internet looking for websites relevant to consumer searches for BRIGHT BUGZ Mark Product and in consumer product searches within the Webstores.

30.     Defendants go to great lengths to conceal their true identities and often use multiple

fictitious names and addresses to register and operate the Infringing Webstores. Upon information and belief, Defendants regularly create new Webstores on various platforms using the identities listed in Exhibit 1 of the Complaint, as well as other unknown fictitious names and addresses. Such registration patterns are one of many common tactics used by the Defendants to conceal their identities, the full scope and interworking of their illegal counterfeiting operations, and to prevent the Infringing Webstores from being disabled.

31.     Upon information and belief, Defendants will continue to register or acquire listings for the purpose of selling Counterfeit Goods that infringe upon the BRIGHT BUGZ Mark unless preliminarily and permanently enjoined.

32.     Plaintiff has no adequate remedy at law.

**COUNT ONE**
**FEDERAL TRADEMARK COUNTERFEITING AND INFRINGMENT**
**(15 U.S.C. § 1114)**

33.     The Plaintiff repeats and realleges the foregoing allegations above as if fully set forth herein.

34.     The Plaintiff's Mark and the goodwill of the business associated with it in the United States and throughout the world are of great and incalculable value. The Mark is highly distinctive and has become universally associated in the public mind with Plaintiff's Product. Consumers associate the Plaintiff's Mark with the Plaintiff as the source of the very highest quality products.

35.     Without the Plaintiff's authorization or consent, and having knowledge of the Plaintiff's well-known and prior rights in the Plaintiff's Mark and the fact that Defendants' Counterfeit Products are sold using mark identical or confusingly similar to the Plaintiff's Mark, the Defendants have manufactured, distributed, offered for sale and/or sold the Counterfeit Products

to the consuming public in direct competition with Plaintiff's sale of genuine Plaintiff's Product, in or affecting interstate commerce.

36.     Defendants' use of copies or approximations of the Plaintiff's Mark in conjunction with Defendant's Counterfeit Products is likely to cause and is causing confusion, mistake and deception among the general purchasing public as to the origin of the Counterfeit Products, and is likely to deceive the public into believing the Counterfeit Products being sold by Defendants originate from, are associated with or are otherwise authorized by the Plaintiff, all to the damage and detriment of the Plaintiff's reputation, goodwill, and sales.

37.     The Plaintiff has no adequate remedy at law and, if Defendants' activities are not enjoined, the Plaintiff will continue to suffer irreparable harm and injury to its goodwill and reputation.

## COUNT TWO
## UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN
### (15 U.S.C. § 1125(a))

38.     The Plaintiff repeats and realleges the foregoing allegations above as if fully set forth herein.

39.     The Counterfeit Products sold and offered for sale by Defendants are of the same nature and type as the Plaintiff's products sold and offered for sale by the Plaintiff and, as such, Defendants' use is likely to cause confusion to the general purchasing public.

40.     By misappropriating and using the Plaintiff's Mark, genuine product images, and trade names, Defendants misrepresent and falsely describe to the general public the origin and source of the Counterfeit Products and create a likelihood of confusion by consumers as to the source of such merchandise.

41.     Defendants' unlawful, unauthorized, and unlicensed manufacture, distribution, offer for

sale, and/or sale of the Counterfeit Products creates express and implied misrepresentations that the Counterfeit Products were created, authorized or approved by the Plaintiff, all to Defendants' profit and to the Plaintiff's great damage and injury.

42. Defendants' aforesaid acts are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), in that Defendants' use of the Plaintiff's Mark, genuine product images and trade names, in connection with their goods and services in interstate commerce, constitutes a false designation of origin and unfair competition.

43. The Plaintiff has no adequate remedy at law and, if the Defendants' activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury to their goodwill and reputation.

**COUNT THREE**
**ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES**
**(815 ILCS 510)**

44. The Plaintiff repeats and realleges the foregoing allegations above as if fully set forth herein.

45. The Counterfeit Products sold and offered for sale by Defendants are of the same nature and type as the Plaintiff's products sold and offered for sale by the Plaintiff and, as such, Defendants' use is likely to cause confusion to the general purchasing public.

46. By misappropriating and using the Plaintiff's Mark, genuine product images and trade names, Defendants misrepresent and falsely describe to the general public the origin and source of the Counterfeit Products and create a likelihood of confusion by consumers as to the source of such merchandise.

47. Defendants' unlawful, unauthorized and unlicensed manufacture, distribution, offer for sale and/or sale of the Counterfeit Products creates express and implied misrepresentations that

the Counterfeit Products were created, authorized or approved by the Plaintiff, all to the Defendants' profit and to the Plaintiff's great damage and injury.

48.     Defendants' aforesaid acts are in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2 et seq., in that Defendants' use of the Plaintiff's Mark, genuine product images and trade names, in connection with their goods and services in interstate commerce, constitutes a false designation of origin and unfair competition.

49.     Plaintiff have no adequate remedy at law and, if the Defendants' activities are not enjoined, the Plaintiff will continue to suffer irreparable harm and injury to its goodwill and reputation.

**COUNT FOUR**
**FEDERAL COPYRIGHT INFRINGEMENT**
**(TITLE 17 UNITED STATES CODE)**

50.     The Plaintiff repeats and realleges the foregoing allegations above as if fully set forth herein.

51.     Plaintiff owns a valid copyright for certain photographs.  Attached as Exhibit 4 are the copyrighted photographs.

52.     Plaintiff has complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges in and to the copyright in its photographs, VA 2-208-856, and in compliance with the law has received from the Register of Copyrights a Certificate of Registration.  This Certificate of Registration constitutes *prima facie* evidence of the validity of its copyright and the facts stated in this Certificate.  Attached as Exhibit 3 is the Certificate of Registration ("Bright Bugz Copyright").

53.     Pursuant to 17 U.S.C. § 410(c), the Certificate of Copyright Registration constitutes *prima facie* evidence of the validity of the copyright and of the facts stated in the Certificates.

The Bright Bugz Copyright, asserted against Defendants, is entitled to such statutory presumptions.

54.     Defendants have never sought any license to use the Photographs, and Plaintiff has never granted to Defendants any such license.

55.     Defendants have been exposed to and had access to Plaintiff's Photographs due to the substantial and widespread use of the Photographs in Plaintiff's marketing and advertising campaigns, as well as many of the copyrighted Photographs being used on Plaintiff's packaging for Plaintiff's Product.

56.     By using Plaintiff's Photographs, Defendants have not only infringed on Plaintiff's intellectual property rights, but have also used the Photographs to market and sell Defendant's Counterfeit Products, further demonstrating Defendants' participation in unlicensed and infringing activities.

57.     Defendants have reproduced, prepared derivative works, used, sold or distributed to potential customers and have also authorized others to copy, distribute and/or prepare derivatives and unauthorized copies of the original works protected by the copyrights that are substantially similar and, at times, virtually identical, to the original works protected by the Bright Bugz Copyright. This unauthorized reproduction, use, offer for sale, and sale by Defendants is an infringement of the Bright Bugz Copyright pursuant to 17 U.S.C. §§ 106 and 501.

58.     Defendants have also imported into the United States, without authorization from Plaintiff, copies and/or derivative works of the Bright Bugz Copyrighted works that were acquired outside the United States. This unauthorized importation is an infringement of the Bee Copyright under 17 U.S.C. §§ 106 and 602.

59.     Defendants' unauthorized and unlicensed acts relating to the Bright Bugz Copyright

presently constitute, and will continue to constitute, willful and deliberate infringement of Plaintiff's exclusive rights under its copyright to the Photographs.

60.     Defendants, through their acts of copyright infringement relating to the Bright Bugz Copyright, have unlawfully derived, and will continue to derive, income, profits, and other monetary gain from their infringing acts.  Plaintiff has sustained, and will continue to sustain, substantial injury, loss, and damage.

61.     Defendants' conduct is causing and, unless enjoined by this Court, will continue to cause irreparable injury to Plaintiff which cannot be fully compensated, measured, or calculated in monetary damages.  Plaintiff does not have any adequate remedy at law and, if the Defendants' activities are not enjoined, the Plaintiff will continue to suffer irreparable harm and injury to its goodwill and reputation, and to its intellectual property rights.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for judgment against Defendants in favor of the Plaintiff on all counts as follows:

1.     That Defendants, their officers, agents, servants, employees, attorneys, confederates, and all persons in active concert with them be temporarily, preliminarily and permanently enjoined and restrained from:

      (i)     using the Plaintiff's Mark or any reproduction, counterfeit, copy or colorable imitation of the Plaintiff's Mark in connection with the distribution, advertising, offer for sale and/or sale of merchandise not the genuine products of the Plaintiff; and

      (ii)     passing off, inducing or enabling others to sell or pass off any Counterfeit Products as genuine products made and/or sold by the Plaintiff; and

(iii)     committing any acts calculated to cause consumers to believe that Defendants' Counterfeit Products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

(iv)     further infringing the Plaintiff's Mark and damaging Plaintiff's goodwill;

(v)     competing unfairly with Plaintiff in any manner;

(vi)     shipping, delivering, holding for sale, distributing, returning, transferring or otherwise moving, storing or disposing of in any manner products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and that bear the BRIGHT BUGZ Mark or any reproductions, counterfeit copies, or colorable imitations thereof;

(vii)     using, linking to, transferring, selling, exercising control over, or otherwise owning or operating the Infringing Webstores, listings, or any other domain name that is being used to sell or is the means by which Defendants could continue to sell Counterfeit Products;

(viii)     operating and/or hosting websites at the Infringing Webstores and any other domain names registered or operated by Defendants that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the Plaintiff's Mark or any reproduction, counterfeit copy or colorable imitation thereof that is not a genuine product or not authorized by Plaintiff to be sold in connection with the Plaintiff's Mark; and,

(ix)     registering any additional domain names that use or incorporate any of the Plaintiff's Mark; and

2.      That Defendants, their affiliates, officers, agents, servants, employees, attorneys,

confederates, and all persons acting for, with, by, through, under, or in active concert with them

be temporarily, preliminarily, and permanently enjoined and restrained from:

     (i)      displaying images protected by the Plaintiff's Copyright in connection with the

           distribution, advertising, offer for sale and/or sale of any product that is not a

           genuine Plaintiff Product or is not authorized by Plaintiff to be sold in connection

           with the Plaintiff's Copyright; and

     (ii)      shipping, delivering, holding for sale, distributing, returning, transferring or

           otherwise moving, storing or disposing of in any manner products or inventory

           not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or

           offered for sale, and protected by the Plaintiff's Copyright or any reproductions,

           counterfeit copies, or colorable imitations thereof.

     (iii)      possessing any product bearing the Plaintiff's Mark or any reproduction,

           counterfeit copy or colorable imitation thereof that is not a genuine product or not

           authorized by Plaintiff to be sold in connection with the Plaintiff's Mark. As part

           of compliance with this provision, we ask that Defendants or those who possess

           Defendants' infringing goods, segregate and destroy infringing goods; and,

3.      That Defendants, within ten days after service of judgment with notice of entry thereof

upon them, be required to file with the Court and serve upon the Plaintiff's a written report under

oath setting forth in detail the manner in which Defendants have complied with any and all

injunctive relief ordered by this Court.

4.      Entry of an order that, upon Plaintiff's request, those in privity with Defendants and those

with notice of the injunction, including any Internet search engines, Webstore hosts or their

administrators that are provided with notice of the injunction, cease facilitating access to any or all webstores through which Defendants engage in the sale of Counterfeit Products using the Plaintiff's Mark;

5.     That Defendants account for and pay over to Plaintiff any and all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of damages for infringement of the BRIGHT BUGZ Mark be increased by a sum not exceeding three times the amount thereof as provided by law as provided by 15 U.S.C. § 1117;

6.     In the alternative, that Plaintiff be awarded statutory damages of One Hundred Thousand United States Dollars and No Cents ($100,000.00) for each and every use of the Plaintiff's Mark counterfeited by each Defendant.

7.     That Defendants account for and pay over to Plaintiff any and all profits realized by Defendants by reason of Defendant's unlawful acts herein alleged, and that the amount of damages for copyright infringement of the Photographs be increased by sixty-thousand United States Dollars and No Cents ($60,000.00).

8.     In the alternative, that Plaintiff be awarded the maximum statutory damages in the amount of $150,000.00 United States Dollars with respect to each infringed copyright under 17 U.S.C. § 504(c).

9.     That Plaintiff be awarded its reasonable attorneys' fees and costs; and,

10.     Grant Plaintiff such other and further legal relief as may be just and proper.

Respectfully Submitted,


Dated: August 17th, 2020

By: _____ /s/  Rishi Nair _____

Rishi Nair
ARDC # 6305871
Kevin J. Keener
ARDC # 6296898
Keener & Associates, P.C.
161 N. Clark Street, Suite #1600
Chicago, IL 60601
(312) 375-1573
rishi.nair@keenerlegal.com
kevin.keener@keenerlegal.com